20-1132 Southern Iowa, Brian Foster v. Integrity Mutual Insurance Company. Good morning your honors and may it please the court. Can everyone hear me? Yes. Thank you. My name is Eric Freed and I represent the appellant J. Brian Foster in this case. I'd like to reserve three minutes of my time for rebuttal your honors. This case involves a claim under section 324a of the restatement of torts. It's a claim for negligent performance of an undertaking. My client Mr. Foster was seriously injured and his friend and co-worker was killed in a taxi cab crash in Des Moines in 2017. After settling the underlying claim for the policy limits of the insurance, Mr. Foster pursued this case against the insurer, which is Integrity Mutual. And so we're focusing in this case on the conduct of the insurer and specifically the dialogue that it had with the insured at various times. And in that in this case, that's United Cab, the tax, the cab company. You just call it, you just call it a dialogue, but what specific evidence of reliance are you relying on? There's a couple of things in the record. For 324ac. Right your honor. There are a few points in the record. If you look at the emails, one of them's contained at the joint appendix 53. We see that integrity is telling the insured through its underwriter that that a proposed driver, his name was Kualatini Habib, had a problem MVR. That's the language of the underwriter and had to be excluded from the proposal. The proposal was that this person drive a cab for United Cab. So that's one example. There's another in appendix 54, the page right after where the insurance company through the underwriter again responds to an inquiry about another proposed driver. It's Ibrahim Omar. And they say, we need to pull our own motor vehicle report on this individual. And that individual, Mr. Omar, must be on non-driving duties until that point. And then the record later goes on at appendix 61 to 63 to discuss how Mr. Omar was subsequently determined to be ineligible for a driver position. And that determination was made by integrity through its underwriter again. And what's important about that exchange is that Mr. Pace said he wasn't willing to make any sort of an exception in the circumstances to otherwise permit Mr. Omar to be a driver for United Cab. And so there's an acknowledgement when you say, I'm not going to make an exception that the insurer has some degree of discretion. And the last example, if I may, Your Honor, if you look at the appendix page 60, this is the newspaper clip that talks about the accident. And you actually have an interview with the owner of United Cab who says, oh, by the way, the insurance company approved the hiring of this driver who ended up injuring my client. The insurance company approved his hiring as a driver. And we know that under the ordinances that were in effect at the time that integrity extended the insurance policy, this driver, Mohamed Darai, was ineligible to drive a cab within the city of Des Moines, which is exactly where the accident occurred. So that's where we're focusing on the reliance and that communication, the relationship as well between the insurance company and the insured about who's working for the company, about who is insured, and specifically about who is occupying a driving versus a non-driving position for the You keep, your brief keeps referencing mistakes by the insurer in reviewing the records. What actionable mistakes are you relying on there? We're looking at the motor vehicle report that was pulled by the insurance company. That's a LexisNexis search inquiry. And we see that it was flagged for possible mismatch and prompted some sort of advice from the report. I don't want the whole brief rehashed. I just want to know what specific mistake was negligent. Failing to identify the ineligibility of Mohamed Darai. You compare the LexisNexis inquiry. So what should they have done when they get the MVR? It is the real MVR. I assumed you were going to say they had an affirmative duty to go to Hennepin County and get the record. Well, based on the driver's history, you can see where he lived. Wait, wait. The history known to whom? Well, it's reflected on the LexisNexis report is what I mean. I compare that to the MVR. No, wait, wait. I thought that was all Minnesota stuff. And that the Iowa records did not show that. And that the only way we could find this to be actionable negligence is if the insurer for the TAB company had an affirmative duty to run around the country and see all the places or investigate this driver to see all the other places he'd lived and get the MVR from all those states. I see your point, your honor. Well, isn't that the essence of your case? If there was no duty to go beyond the face of the Iowa driving records, official state driving records, then what else did they have to do? I see your point, your honor. But when we look at what the police department found to see... No, the question is what else did they have to do? There has to be a specific allegation of mistake. Otherwise, we don't have a negligence claim. Well, the duty stems out of section 324A, your honor. Whether that duty was breached is a fact question. And I compare what's in the files. What was the alleged breach? Failure to find the driving violation that prohibited Mohamed Darai from being a taxi cab driver. So they had a duty not to rely on the state of Iowa motor vehicle records. And I'm not sure... Ensuring the United Cab. Give me a case that even comes close to holding that. I'm not sure I follow how you framed that. A duty to... Let me ask it this way, if I could. You've conceded that the motor vehicle record was incomplete. It seems to me that it does. We're really looking at whether a duty is born out of section 324A given these constellations of actors. And that's what the district court was looking at in the first instance. What duty was there to look beyond the motor vehicle records which you have conceded were materially incomplete? A reasonable jury could look at this and see that the record was incomplete. And the violation that was not determined was a driving while intoxicated charge from Minnesota from years prior that categorically precluded this driver who injured my client and killed another from even driving a taxicab at the time. But that's only true if they have a duty to go beyond the official government records. I'm not sure I follow, Your Honor. The duty comes out of the restatement section 324A. And the question is... That's never even been adopted squarely in Iowa. I disagree, Your Honor, respectfully. There is a case that... Go ahead. Well, there's got to be an increase... Increased risk of harm is the element in 324A. That's the problem for you. Unless there is a duty under the common law of negligence in this situation, not to go up to Hennepin County and research and get the Minnesota MVR, then I don't understand why anything the insurer did increased the risk that the United Cab might hire a guy and he turns out to have a drinking problem. I understand the point you're making, Your Honor. But I think we're maybe talking past each other because the duty is embedded in 324A. And so what the court needs to do in the first instance is say... No, it's not. It's embedded in the law of negligence. You've sued claiming the insurer is negligent. Agreed. I agree. So the inquiry is, did Integrity undertake gratuitously or for consideration to render services to another which he should recognize as necessary for the protection of Mr. Foster? And if so, that's the first question. If so, then Integrity may be subject to liability for physical harm resulting... What's your best case for the duty you just stated? Thomas V. Bolkin is 312 Northwest 2nd 501. That's an Iowa case from 1981. It's a workers' comp case, too. I understand that, Your Honor. That's the case that... All it did was it granted... It held no 324A liability and granted a new trial on 324A-C on the employer reliance point. So it doesn't do much for you. I disagree, Your Honor. I understand the contours of the case. The initial point is that case adopted the claim that is in play in this dispute, and the constellation of the parties tease this up for an analysis. Does the duty exist? Counsel, going back to one of Judge Loken's questions, under subsection A, don't you have to show an increase in harm or is there an increase in risk, I think? And how can you possibly do that here? If anything, your argument is the insurance company failed to mitigate risks. I don't see how you possibly get through 324A subsection A. Well, on that specific subsection, Your Honor, what we see is that the insurance company, at the time it extended this policy, extended a policy that specifically included an ineligible driver. That is a necessary step, and it's actually legally required for a cab company to operate in Iowa and in Des Moines at the time. That's the conduct. And I understand Judge Jarvie wrestled with that point as well, but the fact is that's the conduct. They have some say-so. They have some discretion. They have the superior knowledge and skill because they are assessing the risk. And in doing all of that, they missed the disqualification that is completely germane to what happened here when a cab driver is drunk and injures a man. So, you know, that's one point. The other point about reliance is also, frankly, all over this file. If you look at the emails and how the entire case sets up, it's clear that UnitedCab is seeking out information, whether it's an assurance, whether it's advice, whether it's some kind of double-checking. I don't know, but it's clear that they are looking and checking with integrity before they're even proceeding with this cab driver. It's a necessary step. It's a prerequisite to having the individual behind the wheel. So there are at least a couple ways where a jury could look at this and say there's a fact issue about whether or not the duty was breached, whether that breach caused any harm, and the extent of the damage. And while we understand and agree with much of what Honorable Judge Jarvie said in his decision, where we think he missed the mark is that there's evidence in this record that warrants a jury trial. The inferences you can make, what we see in the dialogue. Counselor, let me ask you this. Your client settled with UnitedCab. Is there a deposition of the owner in the summary judgment record? No, there's not, Your Honor. Or an affidavit? No, there's not, Your Honor. Didn't you need to have evidence from him in order to make this point with probative? No, Your Honor. We're looking at the dialogue between the insured and the insured, which was facilitated by the underwriter. So that's in the record and that's really the claim. And also what's at the appendix, page 60, is an article from summarizing the statements from the owner. And I see that I'm out of time. Thank you, Your Honor. Thank you. Mr. Eccleberry? Good morning, Your Honors. May it please the court, my name is Roger Eccleberry. I represent Integrity Mutual Insurance, the appellee here. Your Honors, I will not repeat what you've already read in Integrity's brief. I would, however, like to address a couple of items that are raised for the first time in appellant's reply brief. First, the appellant has switched their theory of the case from that which they asserted in the trial court and in their opening brief. Now they claim that the actionable conduct on the part of Integrity was in issuing an insurance policy and after issuing the insurance policy, not restricting Mr. Duryea's driving. But in the complaint, in their opposition to Integrity's motion for summary judgment, and even in their opening brief, they claimed that the actionable conduct was in not properly vetting Mr. Duryea as a driver. They didn't explicitly say that and it would be contrary to Iowa law if they did. I believe the law everywhere, Your Honor. That leads, though, to the second item that is raised for the first time in their reply brief, and that is the suggestion that the motor vehicle record that Integrity reviewed did not accurately reflect Mr. Duryea's Iowa driving record. They refer to the Lexus Nexus provided Iowa driving MVR as Integrity's preferred, and they say that our preferred source for the MVR didn't contain it may explain our breach, but it doesn't excuse it. But there is no evidence in the record that the Lexus Nexus provided MVR did not accurately reflect Mr. Duryea's complete Iowa driving record. The only evidence in the record of Mr. Duryea's Minnesota conviction from 2012 was provided by appellant's counsel, and they obtained it from a Minnesota court website. There's no evidence that it was in the Iowa MVR, and I'd like to point out another thing. They refer to Integrity obtaining this. The undisputed facts in the record are that MVR was submitted to Integrity along with UnitedCab's application for insurance. So they want to fault Integrity for discovering something which was not there to be discovered. There can have been no negligence when the nearly four-year-old DUI or four-and-a-half-year-old DUI was not on his driving record, and that's simply not not actionable. And I believe it was Judge Graz asked about the causation issue, or excuse me, the reliance. There is a case that's very close similarly to this, and it was cited in the district court, and that's Tillman v. Travelers, Fifth Circuit, 1975. And in that case, the first, like appellant does now for the first time on appeal, argued that they relied upon the insurance company to conduct safety inspections. Appellant here now claims that without evidence or even record cite that Mr. Foster relied upon Integrity's vetting of Mr. Duryea. There's no evidence that Mr. Foster even knew Integrity existed, and that's true of the injured party in the Tillman case as well. But similarly, in the Tillman case, a worker was injured, sued the insurance company because the insurance company did not conduct safety inspections and provided recommendations to the employer. As the 11th Circuit found there, compliance is not reliance. As comment E to 324 AC references, the reliance that's discussed in this section results in a change of position. Counsel, is that case cited in your brief? I believe so, Your Honor. If not, it is in the district court opinion. 506. What's the name again? I'm looking at your table of authorities. I don't see it. It's Tillman v. Travelers Indemnity, Your Honor. It is in the district court's opinion. It is 506 F. 2nd 917. Thank you. So the mere fact that an insured complies with an insurer's request is not enough to show reliance under 324 AC. They must show that they forwent other opportunities. And a case also cited by the district court that illustrates that is Hutcherson v. Progressive. And I'm sorry, Hutcherson is 11th Circuit 984 F. 2nd 1152. There, the insurance company reviewed motor vehicle records, but that was not all they did. They provided advice, and there was evidence that the insured relied upon that and scaled back their own safety program. There's no evidence here that United Cab in the two and a half months or less than three this policy was in effect, stopped obtaining their own MVRs, stopped conducting criminal background checks on their drivers, or did anything in reliance upon any action or inaction of integrity. So, Your Honor, in short, there was no duty here at all. The district court assumed that without deciding it. But even then, the district court correctly found that plaintiff state no cause of action because there was not evidence to support a claim under 324 A or C, and they did not even argue they had a claim under 324 B. And unless the court has other questions, integrity will rest on its brief. Very good. Thank you. Thank you, Your Honors. Mr. Grady, you have rebuttal time? I guess you're out of time. Yeah, I see I'm out of time, Your Honor. Well, I think you presented your case effectively this morning, and we understand the issues, and we'll take it under advisement. Thank you, Rob.